IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY ALLEN HOLDEN, <br><br> Petitioner, <br><br> v. <br><br> CHRISTE QUICK, <br><br> Respondent. | Case No. 24-CV-494-RAW-JAR |

**OPINION AND ORDER**

Petitioner Jeffrey Allen Holden ("Holden"), an Oklahoma prisoner appearing *pro se*, seeks federal habeas relief, under 28 U.S.C. § 2254, through a Petition for a Writ of Habeas Corpus ("Petition"). Dkt. 1. Holden claims (1) he was denied due process because he was denied access to DNA testing; (2) he was denied counsel during an evidentiary hearing; (3) insufficient evidence to support the conviction and a *Brady* violation; and (4) the Oklahoma Court of Criminal Appeals ("OCCA") improperly declined jurisdiction over his appeal. *See id.* at 5-10.[1] Before the court is Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Second or Successive ("Motion to Dismiss"). Dkts. 13 and 14. Respondent contends this court lacks jurisdiction to adjudicate the Petition because it is an unauthorized second or successive habeas petition. Dkt. 14 at 14-15. The court considered Holden's Petition (Dkt. 1), Holden's "Motion to Supplement Petition" (Dkt. 7),[2] Respondent's Motion to Dismiss (Dkt. 13) and supporting Brief (Dkt. 14), Holden's Response to the Motion to Dismiss (Dkt. 16), and applicable law. For the reasons discussed below, the Motion to Dismiss is granted and the Petition is dismissed.

---

[1] The court's citations refer to the CM/ECF header pagination.
[2] Since the court considered this Motion, the Motion to Supplement (Dkt. 7) is granted.

I. **Background**

Holden entered negotiated pleas of guilty to two counts of first-degree rape and one count of first-degree burglary on January 17, 2007, in Oklahoma County District Court Case No. CF-2005-5216. Dkt. 14-1; Dkt. 14-2 at 9. The district court accepted Holden's pleas and sentenced him pursuant to the plea agreement: forty-five years' imprisonment, with all but the first twenty-five years suspended, for the two counts of rape and twenty years' imprisonment for the burglary. Dkt. 14-1 at 8. Subsequently, the state sought to revoke the suspended portion of the sentence upon learning Holden had violated terms of his probation by sending a letter to the victim. Dkt. 14-2 at 11; Dkt. 14-3. The district court revoked two years of the suspended sentence, but the OCCA reversed this decision on April 22, 2009. Dkt. 14-3.

Beginning in 2011, Holden began seeking post-conviction relief in both state and federal courts. Relevant to the instant Petition, Holden filed a petition for writ of habeas corpus in the District Court for the Western District of Oklahoma, in Case No. CIV-14-174-D on February 24, 2014 (the "2014 Petition"). Petition, *Holden v. Addison et al.*, Case No. CIV-14-174-D (W.D. Okla. Feb. 24, 2014), Dkt. 1. Holden raised four grounds of error: 1) the DNA evidence did not positively identify him and was potentially contaminated; 2) his plea agreement was involuntary due to coercion; 3) he was denied counsel during an interrogation; and 4) he was not fully advised regarding his eligibility for an early release prior to entering his guilty plea. *See id.*; *see also* Dkt. 14-11 at 3-8. The district court granted Respondent's Motion to Dismiss the Writ of Habeas Corpus for Failure to Timely File, denied a certificate of appealability and entered judgment in Respondent's favor on March 31, 2015. Dkt. 14-12. Holden unsuccessfully sought a certificate of appealability from the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit"). *See Holden v. Addison*, 606 F. App'x 469 (10th Cir. Jul. 9, 2015). Holden also later sought

authorization to file a second habeas petition, and the Tenth Circuit denied this request. Dkt. 14-13.

Most recently, Holden filed the instant Petition on December 23, 2024. Dkt. 1. As noted, Holden raises four claims for relief. Dkt. 1 at 5-10. Respondent contends the Petition is an impermissible second or successive habeas petition, and this court should decline to transfer the Petition to the Tenth Circuit because Holden fails to state a cognizable federal habeas claim, his first three grounds for relief are defaulted and his fourth ground is unexhausted and meritless. *See* Dkt. 14 at 15-26.

## II. Discussion

The court agrees Holden's Petition is an unauthorized second or successive petition that must be dismissed for lack of jurisdiction. This is Holden's second-in-time habeas petition challenging the criminal judgment entered against him in Oklahoma County District Court Case No. CF-2005-526. Holden filed the 2014 Petition (*see* Dkt. 14-11) and now the instant Petition (Dkt. 1). The 2014 Petition was denied on the merits. Dkt. 14-12; *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) ("The dismissal of [petitioner's] first habeas petition as time-barred was a decision on the merits[.]"). Therefore, the instant Petition is appropriately considered to be a second or successive habeas petition. *In re Rains*, 659 F. 3d at 1275.

A district court must dismiss claims asserted in a second or successive petition filed by a state prisoner if those claims were "presented in a prior application." 28 U.S.C. § 2244(b)(1). In limited circumstances, a district court may consider claims presented in a second or successive petition filed by a state prisoner if those claims were not presented in a prior petition. 28 U.S.C. § 2244(b)(2). However, before a state prisoner files a second or successive petition in district court, raising either previously presented claims or newly presented claims that might fall within §

3

2244(b)(2)'s narrow exceptions, the prisoner must first file a motion "in the appropriate court of appeals for an order authorizing the district court to consider" the second or successive petition. 28 U.S.C. § 2244(b)(3)(A). If the state prisoner does not obtain the requisite authorization, the district court does not have jurisdiction to adjudicate any claims raised in the second or successive petition. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (*per curiam*) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the court of appeals] has granted the required authorization.").

While the exact claims presented in the instant Petition have not been presented in a prior application, Holden has not obtained the requisite authorization from the Tenth Circuit. Holden's previous conduct demonstrates he is aware of this requirement. *See* Dkt. 14-13.[3] On the record presented, the court finds the Petition is an unauthorized second or successive petition and concludes Respondent's Motion to Dismiss should be GRANTED, and the Petition should be DISMISSED, without prejudice, for lack of jurisdiction.[4] Because the absence of jurisdiction is a

---

[3]  To the extent Holden classifies his instant Petition as avoiding the second or successive bar because it challenges the state district court's denial of his DNA testing request, and not his underlying conviction (*see* Dkt. 16), Holden fails to state a cognizable federal habeas claim. *See Sanders v. Crow*, Case No. 19-CV-396-CVE-FHM, 2019 WL 3781430, at *2 (N.D. Okla. Aug. 12, 2019) (unpublished) (The district court dismissed Sanders's § 2254 petition challenging state district court's denial of DNA testing for lack of subject matter jurisdiction. The district court concluded petitioner's claim failed to present a federal question satisfying § 2254(a)'s substantive requirement. The Tenth Circuit denied Sanders's request for a certificate of appealability. *Sanders v. Crow*, 791 F. App'x 773 (10th Cir. Jan. 28, 2020)).

[4]  The court recognizes it could transfer this matter to the Tenth Circuit as an alternative to dismissal. *Cline*, 531 F.3d at 1252. But transferring the case would be a waste of judicial resources and create false hope for Holden because the instant Petition is likely barred by the statute of limitations and was not filed in good faith. *See United States v. Bradford*, 552 F. App'x 821, 823 (10th Cir. 2014) (analyzing 28 U.S.C. § 2244(b)(3) and noting "when, as here, a party is aware or should be aware that [his] unauthorized second or successive motion cannot be heard in the district court, transfer may be denied on the basis that the filing was not made in good faith." (internal citations omitted)).

plain procedural bar to relief, the court further concludes no certificate of appealability should issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THERFORE ORDERED** that (1) Motion to Dismiss the Petition for Writ of Habeas Corpus as Second or Successive (Dkt. 13) is **granted**; (2) the Petition for Writ of Habeas Corpus (Dkt. 1) is **dismissed without prejudice**, for lack of jurisdiction; (3) a certificate of appealability is **denied**; and (4) a separate judgment of dismissal shall be entered in this matter.

**IT IS FURTHER ORDERED** the Motion to Supplement Petition and Brief in Support (Dkt. 7) is **granted**.

**IT IS FURTHER ORDERED** that the Motion for Default Judgment is **denied**.

DATED this 29th day of December, 2025.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE